```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

United States of America,      )
                               )
                               )
            Plaintiff,         )  Case No. 1:03-CR-109
                               )
    vs.                        )
                               )
                               )
Antoine Richardson,            )
                               )
            Defendant.         )

O R D E R

This matter is before the Court on Defendant Antoine Richardson's motion to resentence (Doc. No. 40).  Pursuant to 28 U.S.C. § 2255, the Defendant moves the Court to resentence him on the grounds that the sentence imposed by the Court violated the United State Supreme Court's decisions in United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004).  For the reasons set forth below, Defendant's motion is not well-taken and is **DENIED**.

On May 14, 2004, the Court sentenced Defendant Antoine Richardson to two hundred and sixty-two months of imprisonment following his plea of guilty to one count of possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  The Court sentenced the Defendant pursuant to the 2002 Sentencing Guidelines Manual.  In calculating the offense level, the Court assigned the Defendant a base offense level of 34 pursuant to

U.S.S.G. § 2D1.1(a)(3)(c)(3) because he possessed more than 150 grams but less than 500 grams of cocaine base.  The Court, however, determined that the Defendant was a career offender pursuant to U.S.S.G. § 4B1.1(a) because he had two previous felony convictions for drug trafficking offenses.  Therefore, the Defendant's offense level automatically became 37 because the offense of conviction carried a maximum term of up to life imprisonment.  The Defendant then received a three point reduction in the offense level pursuant to U.S.S.G. §§ 3E1.1(a) & (b) for acceptance of responsibility and entering a timely guilty plea.

The Court and the probation officer also concluded that the Defendant had fourteen criminal history points for his prior criminal record.  Eight of the criminal history points were assessed for eight separate minor misdemeanor drug abuse convictions.  Because the Sentencing Guidelines limited the number of points that could be assessed for these convictions to four, the Defendant ended with ten criminal history points, placing him in criminal history category V.  However, because the Defendant qualified as a career offender, pursuant to U.S.S.G. § 4B1.1(b), his criminal history category automatically became VI.

The Sentencing Guidelines established a sentencing range of two hundred and sixty-two (262) to three hundred and

twenty-seven (327) months of imprisonment based on a combined offense level of 34 and a criminal history category of VI. As indicated, the Court sentenced the Defendant at the low end of the range. The Defendant appealed his sentence to the Sixth Circuit Court of Appeals, but the Court dismissed his appeal on February 23, 2005 for want of prosecution.

Pursuant to 28 U.S.C. § 2255, the Defendant moves the Court to resentence him on the grounds that the Court's assessment of criminal history points for his minor misdemeanor drug abuse convictions resulted from judicial fact-finding and, thus, his sentence was imposed in violation of Booker and Blakely. The government argues that Defendant procedurally defaulted his claims by not raising them on direct appeal. The Court agrees.

Because Defendant's appeal was dismissed for want of prosecution, he failed to raise his claims of error on direct appeal. Therefore, his claim of error is procedurally defaulted. Moreover, Defendant failed to raise his objections to the Court's calculation of his criminal history score at sentencing. Accordingly, his claim of error in sentencing is doubly defaulted. See Elzy v. United States, 205 F.3d 882, 883 (6th Cir. 2000). As the government points out, the Defendant does not assert any grounds for setting aside the procedural default.

In any event, even if it were error for the Court to

3

assign the Defendant criminal history points for his minor misdemeanor drug abuse convictions, such error was harmless. Because the Defendant qualified as a career offender, his criminal history category automatically became VI. A trial court's finding that the defendant is a career offender pursuant to U.S.S.G. § 4B1.1 is excepted from Booker and does not result in a Sixth Amendment violation. United States v. Bradley, 400 F.3d 459, 462 (6th Cir. 2005). The Court's finding that the Defendant is a career offender mooted any prejudice resulting from the assessment of points for his drug abuse convictions and no substantial right of the Defendant was affected by the alleged error. Thus, the Defendant has failed to establish any grounds which demonstrate that he should be resentenced. Fed. R. Crim. P. 52(b) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Accordingly, for the reasons stated, Defendant's motion to resentence pursuant to 28 U.S.C. § 2255 is not well-taken and is **DENIED.**

    **IT IS SO ORDERED**

Date September 27, 2005      s/Sandra S. Beckwith
    Sandra S. Beckwith, Chief Judge
    United States District Court